# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

CASE NO. 1:17-cv-23435-JLK

GREGORY D. FISCHER

      Plaintiff,

v.

ISLAND HOTEL COMPANY
LIMITED, a Bahamian Company;
ATLANTIS HOLDINGS (BAHAMAS)
LIMITED, a Bahamian company; and
BREF BAHAMAS LTD, a Bahamian
company.

      Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon Defendants' Motion to Dismiss (DE #17). Therein, Defendants argue that this matter should be dismissed under the doctrine of *forum non conveniens*, as this dispute has no factual connection to Miami or to the Southern District of Florida, and The Bahamas is a more convenient and appropriate forum. This matter is fully briefed,[1] and as set forth below, the Court finds that Defendant's Motion should be granted, and that this matter should be dismissed without prejudice to Plaintiff seeking relief in The Bahamas.

### I. Background

This negligence action arises out of personal injuries Plaintiff allegedly sustained while a guest at The Atlantis Resort (the "Resort") located on Paradise Island in The Bahamas. Plaintiff is a resident of Washington State. Defendants are Bahamian companies that collectively own and operate the Resort.

---

[1] Plaintiff has filed his Response in Opposition (DE #26), and Defendants have filed their Reply in Support of their Motion to Dismiss (DE #30).

Plaintiff alleges that he was using the Resort's water park feature and floating on an inner tube when a Resort employee pushed two other guests into Plaintiff. This caused Plaintiff to flip out of his inner tube, ultimately resulting in a torn quadricep tendon and a broken tooth. Plaintiff's ruptured tendon required surgical intervention to repair. Plaintiff's Complaint alleges six counts against Defendants; three sounding in negligence against each Defendant, and three asserting vicarious liability against each Defendant.

Defendant's Motion to Dismiss seeks dismissal under the doctrine of *forum non conveniens* based on (1) the forum selection clause contained within the registration documents signed by and provided to Plaintiff upon arrival at the Resort—the signing of which document Plaintiff disputes—and alternatively (2) a straightforward application of the elements of the doctrine, arguing that notwithstanding Plaintiff's claim regarding the forum selection clause, all *forum non conveniens* factors weigh in favor of dismissal. As set forth below, the Court agrees with Defendants that—Plaintiff's dispute regarding his purported agreement to the forum selection clause aside—this case is properly dismissed under the doctrine of *forum non conveniens*, without prejudice to Plaintiff seeking relief in The Bahamas.

## II. Legal Standard

"The doctrine of *forum non conveniens* permits a court with venue to decline to exercise its jurisdiction when the parties' and the court's own convenience, as well as the relevant public and private interests, indicate the action should be tried in a different forum." Pierre-Louis v. Newvac Corp., 584 F.3d 1052, 1056 (11th Cir. 2009). Dismissal of a complaint based on *forum non conveniens* is appropriate where:

> 1. the trial court finds that an adequate alternate forum exists which possesses jurisdiction over the whole case, including all of the parties;

2. the trial court finds that all relevant factors of private interest favor the alternate forum, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice;

3. if the balance of private interests is at or near equipoise, the court further finds that factors of public interest tip the balance in favor of trial in the alternate forum; and

4. the trial judge ensures that plaintiffs can reinstate their suit in the alternate forum without undue inconvenience or prejudice.

Wilson v. Island Seas Investments, Ltd., 590 F.3d 1264, 1269 (11th Cir. 2009).

"A defendant invoking *forum non conveniens* bears the burden in opposing the plaintiff's choice of forum." Beaman v. Maco Caribe, Inc., 790 F. Supp. 2d 1371, 1375 (S.D. Fla. 2011). "A plaintiff's choice of forum is entitled to deference, and there is a presumption in favor of a plaintiff's choice of forum, particularly where the plaintiffs are citizens of the United States." Wilson, 590 F.3d at 1269. "That deference and presumption do not dissolve just because the plaintiff's injury occurs outside of the United States." Prophet v. Int'l Lifestyles, Inc., 447 Fed. Appx. 121, 125 (11th Cir. 2011). However, "dismissal should not be automatically barred when a plaintiff has filed suit in his home forum. As always, if the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court, dismissal is proper." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 256 n.23 (1981). Moreover, the presumption in favor of a plaintiff's chosen forum "applies with less force when the plaintiff has chosen to sue in a forum in which he does not reside." Foster v. Sun Intern. Hotels, Ltd., 01-01290-CIV-KING, 2002 WL 34576251, at *2 (S.D. Fla. Feb. 5, 2002), aff'd sub nom. Foster v. Sun Intern., 54 Fed. Appx. 691 (11th Cir. 2002).

### III.    Discussion

As an initial matter, Plaintiff concedes in its Response that the Bahamas would be an adequate alternate forum in which he could bring this case. The Court agrees, and so finds.

Turning to the private and public interest factors to be considered all weigh in favor of dismissal. First, this case bears no factual connection to the United States generally, or to the Southern District of Florida or Miami specifically. All of the events giving rise to Plaintiff's alleged injuries occurred in the Bahamas. All evidence bearing on Defendant's liability, and the vast majority of witnesses to the events giving rise to Plaintiff's claim are in the Bahamas. Defendant argues, and Plaintiff does not seriously dispute, that the majority of witnesses—whose testimony would be necessary for depositions during discovery, and to prove claims and defenses at trial—are outside the subpoena power of this Court, and may not be compelled to submit to deposition or to appear for trial. Plaintiff, on the other hand, points to only his wife and to his treating physicians as his United States based witnesses—neither of whose testimony will bear on Defendants liability.

Second, the Court finds that the cost to the parties of litigation in Miami as compared to litigating in the Bahamas weighs in favor of dismissal. As noted, the majority of evidence and witnesses are located in the Bahamas. Assuming for a moment that all witnesses were amenable to traveling to the United States for deposition and trial, the costs to Defendants would be potentially substantial. Alternatively, should the parties pursue discovery and depositions in the Bahamas, both Defendants and Plaintiff will have to overcome significant procedural hurdles, namely, obtaining the assistance of Bahamian courts to secure evidence and deposition testimony. Further, Defendant argues, and the Court agrees, that Plaintiff himself will have to travel from his home in Washington State more than 2,500 miles whether this case is litigated in Miami or in the Bahamas. As this Court has held under similar circumstances:

> [T]he touchstone of a *forum non conveniens* analysis is convenience. It is as costly and inconvenient for witnesses in California and Tennessee to travel to Florida as it is for them to the Bahamas. There are far more witnesses and documents in the Bahamas than there are in Florida. Accordingly, the private

interest factors weigh in favor of dismissal of this action in favor of a Bahamian forum.

Foster v. Sun Intern. Hotels, Ltd., 01-01290-CIV-KING, 2002 WL 34576251, at *3 (S.D. Fla. Feb. 5, 2002), aff'd sub nom. Foster v. Sun Intern., 54 Fed. Appx. 691 (11th Cir. 2002).

Finally, Plaintiff does not dispute that he can reinstate this action in the Bahamas without undue inconvenience or prejudice. Accordingly, the Court finds that Defendants have carried their burden in establishing that dismissal of this case under the doctrine of *forum non conveniens* is warranted.

Therefore, it is **ORDERED, ADJUDGED, and DECREED** that Defendants' Motion to Dismiss **(DE #17)** be, and the same hereby is **GRANTED**. Plaintiff's Complaint is hereby **DISMISSED without prejudice** to Plaintiff seeking relief in The Bahamas. All pending motions are **DENIED** as moot, and the Clerk shall **CLOSE** this case.

**DONE** and **ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 7th day of February, 2018.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc:    **All counsel of record**